UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SHERRY ADKINS, <br> on behalf of plaintiff and a class, <br><br> Plaintiff, <br><br> v. <br><br> FINANCIAL RECOVERY SERVICES, <br> INC., CAVALRY PORTFOLIO <br> SERVICES, LLC, and CAVALRY <br> SPV I, LLC, <br><br> Defendants. | Case No. 15-cv-887 <br><br> Judge Joan B. Gottschall |

## MEMORANDUM OPINION & ORDER

Defendant Financial Recovery Services, Inc. ("FRS") seeks dismissal of plaintiff's First Amended Complaint on two bases: (1) plaintiff seeks to represent a class of Illinois consumers who received an envelope of the type attached as Ex. C to plaintiff's Amended Complaint, when Exhibit C is an envelope allegedly sent to a consumer in Pennsylvania, not to plaintiff; FRS argues that plaintiff's case cannot go forward unless she attaches a copy of the envelope she received; and (2) plaintiff's claim, that disclosing a collection account number on the outside of an envelope seeking to collect a debt violates the FDCPA, is frivolous. FRS seeks to stay discovery pending the ruling on its motion to dismiss. Since the court cannot determine whether discovery should be stayed without evaluating the strength of the motion to dismiss, it is most efficient to decide the motion to dismiss and thus moot the motion to stay. For the reasons discussed below, FRS' motion to dismiss is denied and its motion to stay is denied as moot.

The first issue is whether plaintiff's First Amended Complaint can succeed if she attaches, as an example of defendant's alleged illegal conduct, a copy of an envelope sent to a

1

consumer in Pennsylvania rather than a copy of an envelope (or the actual envelope) sent to plaintiff.[1]

The Amended Complaint plainly alleges that its Exhibit B is a copy of the debt collection letter sent to plaintiff. Plaintiff explains that the letter contains an English language address consisting of three lines of text, immediately above which is the account number, immediately above which is the bar code required by Postal Service regulations to obtain a discounted bulk mail rate. Plaintiff alleges that the letter, Exhibit B, was sent in a window envelope "displaying the account number that FRS assigned to plaintiff." Exhibit C, a window envelope sent to a Pennsylvania consumer, "is an example of the form of the window envelope in which Exhibit B was sent to Plaintiff." Am. Compl. ¶32.

The court is unconvinced that plaintiff's allegation that she received Exhibit B in a window envelope displaying her account number is insufficient to state this claim. Plaintiff's ability to prove her case will depend on the trier of fact believing her testimony that she received an envelope displaying her account number of the *type* exemplified by Exhibit C. The court sees no reason why Plaintiff must physically possess the window envelope in which Exhibit B arrived. If she testifies credibly that she received such an envelope, and she is able to show the trier of fact an envelope similar or identical to that which she received, she may be able to prove her case. The court cannot find her claim is deficient at the pleading stage.[2]

---

[1] The court agrees with defendant FRS that plaintiff's attachment of a copy of an envelope sent to a consumer in Pennsylvania probably means that she cannot find or does not have whatever envelope was sent to her.

[2] The court further rejects FRS' baseless contention that the best evidence rule requires that plaintiff use a copy of the envelope *she* received rather than a copy of an envelope another person received. The best evidence rule, Federal Rule of Evidence 1002, requires the use of an *original* rather than a copy. It does not apply to complaints, since filing the original would be foolhardy, and it does not favor one copy over another. Moreover, Federal Rule of Evidence

FRS also contends that plaintiff's claim, that displaying her account number through the glassine window of a window envelope violates §1692f(8) of the FDCPA, is frivolous. In support, FRS cites *Sampson v. MRS BPO, LLC,* No. 15-cv-2258, 2015 U.S. Dist. LEXIS 32422, 2015 WL 4613067 (N.D. Ill. March 17, 2015). In *Sampson*, Judge Shadur, *sua sponte*, dismissed a complaint making this claim, stating that the complaint could only be viewed as a "bad joke," given that its "claims are so patently absurd." 2015 WL 4613067 (N.D. Ill. March 17, 2015), *1.

> Section 1692f provides as follows:
>
> A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> .....
>
> **(8)** Using any language or symbol, other than the debt collector's address, on any envelope when communicating with a consumer by use of the mails or by telegram, except that a debt collector may use his business name if such name does not indicate that he is in the debt collection business.

15 U.S.C. §1692f.

While Judge Shadur may have been the first judge in the Northern District of Illinois to hold that the display of a debtor's account number on a collection envelope does not violate §1692f(8), two judges in this district have since agreed with him. *See Gonzalez v. FMS, Inc.*, No.14-cv-9424, 2015 WL 4100292, at *6 (N.D. Ill. July 6, 2015) (Castillo, J.) *and Schmid v. Transworld Systems, Inc.*, No. 15-cv-2212, 2015 WL 5181922 (N.D. Ill. Sept. 4, 2015) at *5 (Chang, J.). Numerous cases in other districts have reached consistent results. *See, e.g., Perez v. Global Credit and Collection Corp.,* No. 14-cv-9413, 2015 WL 4557064 (S.D.N.Y. July 27,

---

1004 provides that an original is not required if the original has been lost or destroyed. The court additionally rejects FRS' contention that *Everage v. National Recovery Agency,* No. 14-cv-2463, 2015 WL 1071757 (E.D. Pa. Mar. 11, 2105) has any relevance to this case; going into detail about why the circumstances of that case were so materially different as to make it inapplicable here would waste more time than it is worth.

3

2015); *Gelinas v. Retrieval-Masters Creditors Bureau*, No. 15-cv-116, 2015 WL 4639949 (W.D.N.Y. July 22, 2015).

The courts that have held that the display of a debtor's account number through a glassine envelope does not violate §1692f(8) base their decisions on circuit law finding §1692f(8) ambiguous. These courts reason that if §1692f(8) is read literally to bar *any* markings on the outside of a debt collection letter envelope other than the names and addresses of the parties, it would lead to absurd results, such as proscribing the use of a stamp on a collection envelope. Thus, in *Goswami v. American Collections Enterprise, Inc.*, 377 F.3d 488, 494 (5th Cir. 2004), the Fifth Circuit held that marking a debt collection envelope with the words "priority letter" does not violate §1692f(8) because such words, read in conjunction with the purposes of the statute, are totally benign. The Eighth Circuit reached a similar conclusion in *Strand v. Diversified Collection Service, Inc.*, 380 F.3d 316 (8th Cir. 2004), which held that a debt collector did not violate §1692f(8) by printing its initials on a debt collection letter envelope. In reaching this result, the Eighth Circuit favorably cited *Matsuda v. Thomas Richards & Co.,* 759 F. Supp. 1456, 1466 (C.D. Cal.1991), holding that the words "Personal and Confidential" and "Immediate Reply Requested" printed on a debt collection envelope are so benign that reading them to violate §1692f(8) would put an absurd construction on the statute.

While recognizing that most courts dealing with the display of a debtor's account number through a glassine window envelope have concluded, as did Judge Shadur, that an account number is too benign to violate §1692f(8), this court finds more persuasive the reasoning of a decision of the Third Circuit, *Douglass v. Convergent Outsourcing,* 765 F.3d 299 (3d Cir. 2014).

In *Douglass*, a debt collector, Convergent Outsourcing, sent the plaintiff-debtor, Courtney Douglass, a debt collection letter in an envelope with a glassine window, through

4

which was visible a portion of the enclosed letter showing Douglass' account number with Convergent.³  The district court had held that the account number constituted benign language, not violative of the purposes of §1692f.  The Third Circuit reversed.  Pretermitting the question of whether §1692f excepts benign language, the court held that inasmuch as the language of §1692f is unequivocal in prohibiting the display of language or symbols on a debt collection letter envelope except the debt collector's address and in limited cases business name (a prohibition which the court held  includes language or symbols visible on the face of the envelope through the envelope's glassine window), an exception to such clear language should be implied only when application of the statutory language would lead to absurd results.

Finding that the display of Douglass' account number implicated core privacy concerns behind §1692f, the court rejected the idea that such a disclosure is so obviously benign that finding it to violate §1692f(8) would be an absurd construction of the statute. In the words of *Douglass,* "Convergent's disclosure implicates a core concern animating the FDCPA–the invasion of privacy" and "[Douglass'] account number is a core piece of information pertaining to Douglass's status as a debtor and Convergent's debt collection effort.  Disclosed to the public, it could be used to expose her financial predicament." *Id.* at at 303-04.  Where a disclosure on an envelope implicates such core privacy concerns, "it cannot be deemed benign" and the statute should be applied according to its clear terms.  *Id.  Accord Baker v. Credit Control, LLC et al.* (N.D. Ind. July 15, 2015) (supplemental authority submitted by plaintiff, Doc. # 58.)

This court agrees with the Third Circuit and Magistrate Judge Cherry in *Baker.*  The

---

³Also visible through the window was Douglass' name and address, a Postal Service bar code and a Quick Response ("QR") code which, when scanned by a device such as a smart phone, displayed the information visible through the glassine window as well as a monetary amount corresponding to Douglass' alleged debt.  The question decided by the Third Circuit was explicitly limited to the display of the account number. *See* 765 F.3d at 301 n.4.

words of §1692f(8) are unequivocal. Unlike Postal Service markings or language such as "priority letter," the disclosure of an account number is a disclosure of a debtor's private information. This court cannot find this disclosure so clearly benign that the unequivocal language of the statute should be ignored.

  The motion to dismiss is denied.

Date: September 30, 2015         /s/
                     Joan B. Gottschall
                     United States District Judge